### JACKSON AND WALLING V. ARCHIBALD, SHERIFF.

1. EFFECT OF TECHNICAL DEFECT IN INDICTMENT IN CASE OF EXTRADITION.

   If a felony is substantially charged in an indictment, the fact that it may be inartificially drafted, or that there is some technical defect in the form of the indictment ought not avail and defeat extradition.

2. EVIDENCE SHOWING THAT A PERSON IS NOT A FUGITIVE FROM JUSTICE.

   On the hearing of an extradition case by any court in this state, the parties may offer testimony to show that in fact they were never in and are not a fugitive from another state.

ERROR to the Court of Common Pleas, Hamilton county.

SMITH, J.

In those two cases the court is of the opinion:

First—That the indictment returned by the grand **jury of Campbell** county, Kentucky, against Walling and Jackson, substantially charges them, and each of them, with the murder of Pearl Bryan, in that county. It avers, that it accuses Scott Jackson and Alonzo Walling of the crime of murder, committed as follows, viz.: "The said Scott Jackson and Alonzo Walling, on the — day of ———, 1896, before the finding of this

indictment, in the county aforesaid, did wilfully, feloniously, and with malice aforethought, kill and murder Pearl Bryan, by the one or the other, the said Scott Jackson, or Alonzo Walling, with a knife or other sharp instrument cutting the throat of the said Pearl Bryan, so that she did then and there die, the other being then and there present, aiding and abetting the same, "the exact manner whereof is unknown to the grand jurors, and which did the cutting, Scott Jackson or Alonzo Walling, or which aided and abetted the same, is unknown to the jurors." The averment is direct that both of the persons named were guilty of the murder, and states the intent with which, and the manner in which it was done, viz.: By one of them doing the cutting of the throat of Pearl Bryan with a knife, the other being present, and abetting him, and thereby then and there causing her death. This, standing alone, would have been a clear and formal charge against both of the defendants of murder, and the fact that the indictment further states that the grand jurors were ignorant as to which one of the two actually did the cutting, and which one, being present, so aided and abetted the other, does not make the indictment bad, unless it is made so by the laws of the state of Kentucky, and no proof as to this appears in the bill of exceptions. If a felony is substantially charged in an indictment, the fact that it may be inartificially drafted, or that there is some technical defect in the form of the indictment ought not to avail in a case of this kind. Such questions are to be heard and passed upon by the court in which the indictment was found, or which may be called upon to try the case between the commonwealth and the defendants.

Second—The governor of the state of Kentucky, having in his requisition upon the governor of Ohio for the surrender of those defendants for trial upon this indictment, a copy of which was attached to such requisition, and certified by said governor as required by the laws of the United States to be authentic, and having also attached thereto the evidence upon which he acted, viz.: An affidavit of Ramsey Washington, Esq., county attorney of Campbell county, Kentucky, averring that those defendants were fugitives from justice, and were in the state of Ohio (all of which papers were introduced as evidence on the trial of this case), and the governor of Kentucky, on his requisition, having alleged that they were fugitives from justice, the question is, whether in a case of this kind, the courts of this state should consider the question whether such evidence ought to have been satisfactory to the governor of Kentucky. We think not. That was a matter for him to decide. Our understanding of the decisions in this state is, that on the hearing of an extradition case by the court, or on a *habeas corpus* case of this kind, the parties might have offered testimony to show that in fact they were never in Kentucky, and were not fugitives therefrom. But this was not done, and we are of the opinion that the evidence submitted to the trial court, though the affidavit of Mr. Washington was on belief only, made a *prima facie* case that they were fugitives from justice, and it was clearly shown that those parties were those named in the indictment.

We think, therefore, that the court of common pleas did not err in dismissing the writ, and its judgment will be affirmed.

*J. D. Ermston & L. J. Crawford*, for Jackson.

*Morey, Andrews & Morey* and *W. C. Shepherd*, for Walling.

*Prosecuting Attorney* and *Col. Nelson, contra.*